UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SYNERGY ELECTRICAL CONTRACTING LLC, <br><br> Defendant. | CASE NO. 2:20-cv-01675-DGE <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT |

## I    INTRODUCTION

Plaintiffs seek enforcement of two prior judgments by requesting a default judgment against Defendant based on an alter-ego theory of liability. The facts giving rise to Plaintiffs' current alter-ego claim occurred years after the original judgments were obtained and are not otherwise dependent on the prior judgments. Because Plaintiffs fail to identify a proper basis to exercise jurisdiction, this Court lacks jurisdiction to hear Plaintiffs' alter-ego claim. Accordingly, and for the reasons stated herein, Plaintiffs' motion for default judgment (Dkt. No. 10) is DENIED.

## II      BACKGROUND

Plaintiffs are a collection of trust funds known as the Puget Sound Electrical Workers Trust Funds. (Dkt. No. 1 at 1–2.) Plaintiffs previously obtained two ERISA[1] based judgments against a company called Shamp Electrical Contracting, Inc. ("Shamp Electrical). (*Id*. at 4–5.) The first judgment was entered on September 20, 2010. (*Id*. at 4.) The second judgment was entered on August 24, 2016. (*Id*. at 5.) Those judgments remain outstanding. (*Id*.)

Plaintiffs allege Synergy Electrical Contracting LLC ("Synergy Electrical") is "an alter ego/successor entity to Shamp Electrical and was formed, in part, to avoid" the judgments entered against Shamp Electrical. (*Id*.) Synergy Electrical was formed on October 25, 2018. (*Id*.) Plaintiffs sole cause of action is for "Alter Ego/Successor Entity Liability" wherein Plaintiffs assert Synergy Electrical is liable for the outstanding judgments, plus any accrued interest. (*Id*. at 6.) Plaintiffs specifically request judgment be entered against Synergy Electrical for Shamp Electrical's outstanding judgments. (*Id*.)

At a hearing held on January 28, 2022 to discuss Plaintiffs' motion for default judgment (Dkt. No. 10), the Court raised whether it had jurisdiction to consider Plaintiffs' alter-ego claim and asked Plaintiffs to identify authority supporting jurisdiction.

## III     DISCUSSION

Ancillary jurisdiction is limited to claims *in the same* lawsuit that are factually and logically dependent on the primary claim(s) conferring federal jurisdiction.

> Ancillary jurisdiction may extend to claims having a factual and logical dependence on the primary lawsuit, . . . but that primary lawsuit must contain an independent basis for federal jurisdiction. The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are

---

[1] Employee Retirement Income Security Act of 1974.

ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 2

> asserted *in the same proceeding* as the claims conferring federal jurisdiction. Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit. . . . But once judgment [is] entered in [an] original [law]suit, the ability to resolve simultaneously factually intertwined issues vanish[].

*Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (emphasis added, citations/quotes omitted).

The plaintiff in *Peacock* filed an ERISA class action lawsuit against an employer and one of its officers. The plaintiff obtained a judgment against the employer, but not against the officer. After unsuccessful attempts at collecting the judgment against the employer, the plaintiff filed a new lawsuit against the officer alleging he engaged in a civil conspiracy with the employer to prevent satisfaction of the prior ERISA judgment. *Id*. at 351-352. The Supreme Court concluded there was no ancillary jurisdiction over the subsequent lawsuit as it raised no independent basis for conferring jurisdiction:

> This [subsequent] action is founded not only upon different facts than the ERISA suit, but also upon entirely new theories of liability. In this suit, [plaintiff] alleged civil conspiracy and fraudulent transfer of [the employer's] assets, but, as we have noted, no substantive ERISA violation. The alleged wrongdoing in this case occurred after the ERISA judgment was entered, and [plaintiff's] claim—civil conspiracy, fraudulent conveyance, and 'veil-piercing'—all involved new theories of liability not asserted in the ERISA suit. Other than the existence of the ERISA judgment itself, this suit has little connection to the ERISA case. This is a new action based on theories of relief that did not exist, and could not have existed, at the time the court entered judgment in the ERISA case.

*Id*. at 358-359. As a result, the District Court lacked jurisdiction over the subsequent lawsuit. *Id*. at 360.

As with *Peacock*, Plaintiffs' claim in this case is based upon facts distinct from those that supported the entry of the two prior ERISA judgments. In this suit, Plaintiffs allege Synergy Electrical is an alter-ego of Shamp Electrical that it was formed, in part, to avoid the judgments years after the judgments were obtained. This alleged wrongdoing occurred after the ERISA

ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 3

judgments were entered, and the present alter-ego claim involves a new theory of liability not asserted in the original ERISA lawsuits. Other than the existence of the prior ERISA judgments themselves, Plaintiffs' Complaint has little connection to the prior ERISA claims. The Complaint is based on a theory of relief that did not exist, and could not have existed, at the time the prior judgments were obtained. Pursuant to *Peacock,* this Court lacks jurisdiction over Plaintiffs' Complaint.

The Seventh Circuit recently reached the same conclusion in holding that a district court lacked jurisdiction to hear a successor liability claim filed in a separate lawsuit subsequent to the entry of an ERISA judgment. In *E. Cent. Illinois Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954 (7th Cir. 2021), "[t]wo ERISA-covered employee benefit funds filed suit in federal court to hold a newly formed, family-run plumbing company liable for an existing ERISA judgment on the basis that it stepped into the predecessor family company's obligations." 3 F.4th at 955. The Seventh Circuit rejected the argument that the federal common law theory of successor liability independently conferred subject matter jurisdiction over the lawsuit. (*Id.*) ("All agree that the funds seek to impose liability under federal common law. But that alone does not suffice to show a claim 'arising under' federal law for purposes of establishing federal question jurisdiction.") In reaching its holding, the Seventh Circuit stated:

> The [plaintiffs] do not maintain that [the defendant] has directly violated ERISA, either as an alter ego of Prather Plumbing or in its own right. The only claim the funds raise is for successor liability, with the aim of holding [the defendant] equitably responsible for the unpaid obligation of Prather Plumbing. As there is no federal statutory right of action for successor liability under ERISA, nor a judicially recognized private implied right of action, the funds have failed to demonstrate that this claim arises under federal law.

*Id.* at 963.

ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 4

As in *Prather Plumbing*, Plaintiffs in this case only claim an alter-ego theory of liability, with the aim of holding Synergy Electric responsible for Shamp Electrical's unpaid obligations. Plaintiffs, therefore, have failed to demonstrate that the standalone alter-ego claim arises under federal law.

Notwithstanding, Plaintiffs assert "[t]he Ninth Circuit has long recognized alter-ego claims as arising under ERISA" by citing to *UA Loc. 343 United Ass'n of Journeyman & Apprentices of Plumbing & Pipefitting Indus. of U.S. and Canada, AFL-CIO, et al v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465 (9th Cir. 1994). (Dkt. No. 16 at 3.) However, the alter-ego claim asserted in *Nor-Cal* was in conjunction with the underlying ERISA claim filed against the original employer, which formed the basis for federal jurisdiction and provided ancillary jurisdiction over the alter-ego theory of liability. 48 F.3d at 1471 ("Because the case at bar concerns *contractual* obligations [against the original employer and the alter-ego], namely the employer's obligation to contribute during the agreement's term, jurisdiction under ERISA was also proper.") Thus, *Nor-Cal* does not conflict with *Peacock*.[2]

Plaintiffs also reference *Trustees of the Constr. Indus. and Laborers Health & Welfare Tr. v. Pro-Cut LLC*, No. 21CV00205GMNVCF, 2016 WL 1688001 (D. Nev. Apr. 26, 2016) and *Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031 (7th Cir. 2000) for the proposition that there exists a potential split on whether an alter-ego

---

[2] Plaintiffs also reference *Thomas, Head & Greisen Emps. Tr. v. Buster*, 95 F.3d 1449 (9th Cir. 1996). *Buster*, however, involved supplemental proceedings in which the judgment creditor sought to void the judgment debtor's fraudulent property transfers to related third parties. The third parties were joined in the supplemental proceedings and a judgment eventually was entered against them. 95 F.3d at 1451. The Ninth Circuit held "the district court properly exercised ancillary jurisdiction over [the parties] in [plaintiff's] supplementary proceeding to set aside the alleged fraudulent conveyances." *Id*. at 1455. *Buster* did not involve a standalone alter-ego claim filed in a subsequent lawsuit. Rather, it involved supplemental proceedings aimed at voiding fraudulent conduct.

ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 5

theory provides independent jurisdiction. (Dkt. No. 16 at 4.) However, *Pro-Cut LLC* aptly noted:

> the *Elite Erectors* line of cases relied upon by [plaintiffs] are similarly inapposite. In *Elite Erectors*, no preexisting judgment against the ERISA employers existed. *Elite Erectors*, 212 F.3d at 1033. Instead, the *Elite Erectors* plaintiffs brought a **single lawsuit against the original ERISA employers and their alter egos**. As the Seventh Circuit noted, such facts are distinguishable from the facts here, where the instant lawsuit is simply an attempt to collect on a judgment obtained in a separate lawsuit. *See id*. at 1037[.]

2016 WL 1688001, *3 (emphasis added).

Contrary to Plaintiffs' assertions, the First, Second and Tenth Circuit also are in accord. *See Futura Dev. of Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico*, 144 F.3d 7, 11 (1st Cir. 1998) ("*Peacock* holds that enforcement jurisdiction does not exist in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a new defendant whenever the new proceeding lacks factual dependence upon the old proceeding. Obviously, subsequent proceedings based upon defendant's actions occurring *after* the original proceeding will *necessarily* be factually independent from the primary proceeding."); *Epperson v. Ent. Express, Inc.*, 242 F.3d 100, 107 (2d Cir. 2001) ("[I]n this Circuit . . . a distinction for jurisdictional purposes exists between an action to collect a judgment . . . and an action to establish liability on the part of a third party[ ]. The former does not require an independent jurisdictional basis and may proceed even if the parties are non-diverse. The latter must have its own source of federal jurisdiction, so that absent an independent basis for federal jurisdiction a new defendant may not be haled into federal court."); *Ellis v. All Steel Const., Inc.*, 389 F.3d 1031, 1034 (10th Cir. 2004) ("*Peacock* also is not implicated in actions to reach and collect assets of the judgment debtor held by a third party; it is only when the plaintiff seeks to hold the third party personally liable on the judgment that an independent basis is required.").

In summary, *Peacock* is controlling. Plaintiffs assert only an alter-ego claim that is factually independent from the two prior judgments and which is based on facts that occurred after the judgments were entered. As such, the Court lacks jurisdiction over Plaintiffs' alter-ego claim.

## IV   CONCLUSION

Accordingly, and having considered Plaintiffs' motion for default judgment, the briefing, and the remainder of the record, the Court finds and ORDERS that Plaintiffs' motion for default judgment (Dkt. No. 10) is DENIED. The Complaint is DISMISSED without prejudice and Plaintiffs are granted leave to file an amended complaint no later than July 11, 2022 should they believe there exists a cause of action over Defendant that confers this Court with jurisdiction.

Dated this 24th day of June 2022.

David G. Estudillo
United States District Judge